Staples, J.,
delivered the opinion of the court.
This is an action of debt brought in the circuit court of Roanoke county, upon a bond executed by the appellee to the appellant in September, 1863, for one thousand dollars, and payable two years after date. Upon the trial in the court below both parties were examined as witnesses, the one insisting that according to his understanding the bond was to be paid in Confederate currency, and the other claiming it was to be paid in gold, and each stating such facts as in his opinion tended to sustain his construction of the contract.
After the evidence was concluded the court on the “ motion of the appellee, gave the jury the following instruction: The court instructs the jury that Confederate States treasury notes were the prevailing currency in circulation at the date of the bond in this case, and that a presumption of fact would arise from that circumstance alone, that the said bond was intended to be payable in such notes, but such presumption may be rebutted by evidence; and the burden of proof rests on the plaintiff to show that the said bond was not entered into in reference to Confederate *802 money as a standard value. To which the appellant excepted.
The sole matter we have to consider is, whether this instruction is correct. We are of opinion it is not. If a presumption of fact would ordinarily arise, that a bond payable on demand, given when Confederate treasury notes constituted the prevailing currency, was payable in such currency—as to which no opinion is intended to be expressed—such presumption would not attach where the debt is payable at a distant period. The reasons for this distinction are fully set forth in numerous decisions of this court, especially in the case of Kraker v. Shields, 20 Gratt. 377, 401, to ■which reference is made.
Here the bond is payable two years after date, which was September 1865, when Confederate currency had ceased to exist. The record does not disclose, and it is not for this court to say, what were the motives influencing the parties in thus postponing the period of payment. It is sufficient to say that upon an instrument so payable no presumption necessarily arises as that indicated in the instruction of the circuit eourt. Whatever presumption there is, if any, was a matter exclusively for the jury, and not for the court. The court ought to have told the jury that in forming their opinion they must take into consideration all the facts and circumstances of the case, including the fact that the bond was executed when Confederate money was the prevailing currency, as also the fact that the time of payment was at a remote period; and upon the whole case they must decide which was the true understanding and agreement of the parties with respect to the kind of currency in which the debt was payable.
*803 The court is therefore of opinion that the judgment of the circuit court is erroneous; and the same is therefore reversed and annulled, °the verdict of jury set aside, and a new trial awarded in conformity with the views herein expressed.
Judgment reversed.